UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TONY LAMAR IVEY**          :   | **DOCKET NO. 2:21-CV-00649** |
| **REG. # 57283-004**   | **SECTION P** |
| **VERSUS**          :   | **JUDGE TERRY A. DOUGHTY** |
| **FEDERAL BUREAU OF PRISONS**          :   | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Tony Lamar Ivey on March 10, 2021 [doc. 1] and an amended petition filed on March 24, 2021 [doc. 4]. Ivey is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Ivey is currently serving a sentence imposed on August 22, 2013, by the United States District Court for the Middle District of Florida. Doc. 4, p. 1, ¶ 4. He contends that the Bureau of Prisons ("BOP") has erroneously calculated his sentence, depriving him of credit for time served. *Id*. at p. 2, ¶ 6.

Petitioner was arrested on September 28, 2011, on drug charges. Doc. 1, att. 2, p. 9. As a result of those charges, he was sentenced in state court to a term of imprisonment of 4 years and 6 months, on May 8, 2012. *Id.* While in state custody, he was taken into federal custody via a writ of habeas corpus prosequendum and arrested on or about December 18, 2012. *Id.* He was sentenced in the Northern District of Florida on August 22, 2013, and returned to state custody to serve the remainder of his state sentence. Doc. 1, p. 1. He seeks to be given credit for the time frame between May 8, 2012 and August 22, 2013. *Id.* at p. 9.

Petitioner asserts that he presented his claim to the BOP through a BP-11. Doc. 1, p. 1.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *§ 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints.  See 28 C.F.R. §§ 542.10-542.19.  BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id*. §§ 542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id*. § 542.15(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

## C. Application

Ivey represents that he fully exhausted his claims through a BP-11, Thus, adjudication of the claim at that level would appear to satisfy the exhaustion requirement. However, his BP-11 was denied by the General Counsel's Office for failing to provide copies of either his BP-9 form or response or his BP-10 form or response.  Doc. 1, att. 2, p. 7.  Petitioner concedes that he did not provide these documents to the Central Office but argues that due to "Covid-19 lockdowns, transfers, storms, loss of power, loss of water and numerous quarantine periods, he was unable to make any further filings.  Doc. 1, p. 4.  As petitioner could have properly submitted the requested documentation, but chose not to do so, the undersigned must conclude he did not fully exhaust his administrative remedies before filing his petition.  See *Metrejean v. Upton*, No. 1:10-cv-589, 2012

U.S. Dist. LEXIS 112727 (E.D. Tex. Mar. 27, 2012). Nevertheless, the Court will address the merits of his claim.

The BOP Sentence Computation Manual, Program Statement 5880.28, provides that "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ custody' is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Doc. 1, att. 2, p. 9. At the federal sentencing, it was ordered that petitioner's federal sentence be run concurrent with the previously imposed state sentence. "Therefore, the time in question prior to his federal sentence could only be applied to his previously imposed state sentence." *Id*. at p. 8. Accordingly, there is no error to the BOP's decision and no basis for relief under § 2241.

### III.
#### CONCLUSION

For the reasons stated above, Ivey's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-5-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 25th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE